UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUKAS SCHOCH,

        Plaintiff,

  v.                                      CAUSE NO. 3:22-CV-474-DRL-JEM

I.D.O.C.,

        Defendant.

OPINION AND ORDER

Lukas Schoch, a prisoner without a lawyer, filed a three-count complaint with unrelated claims. ECF 1. He was granted time to file an amended complaint with only related claims. ECF 6. In response, he refiled his original complaint, but omitted the page containing count three. ECF 8. Though the complaint still includes many paragraphs and defendants related to count three, given the procedural history of this case, the court accepts the amended complaint as asserting the claims raised in counts one and two.[1]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

---

[1] Because count three is not part of the amended complaint, the corresponding defendants will be dismissed. Counts one and two are related claims.

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In counts one and two, the amended complaint alleges the Indiana Department of Correction (IDOC) violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act "by placing Plaintiff in a housing assignment without there be[ing] a real expectation of Plaintiff being able to receive a bottom bunk." ECF 8 ¶ 65. To state a claim under Title II of the ADA, the complaint must plausibly allege Mr. Schoch is a "qualified individual with a disability" who was "denied the benefits of the services, programs, or activities" from the prison "by reason of such disability." 42 U.S.C. § 12132. The Rehabilitation Act likewise provides that no "qualified individual with a disability" may "be denied the benefits of . . . any program" "solely by reason of her or his disability."29 U.S.C. § 794(a). Both also require the prison to make reasonable modifications to its policies or practices to avoid denying a service on account of disability. *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) (citing 28 C.F.R. § 35.130(b)(7) and 28 C.F.R. § 41.53). "Under the Rehabilitation Act, a program includes all of the operations of the prison. And Title II of the ADA applies to anything a public entity does." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) (quotation marks and citations omitted).

As applied to the prison context, the standards under the ADA and the Rehabilitation Act are the same except that under the Rehabilitation Act "the plaintiff's disability must be the *sole* reason for the alleged discriminatory action" whereas the ADA "requires only that [it] be *a* reason for the challenged action." *Conners v. Wilkie*, 984 F.3d 1255, 1260 (7th Cir. 2021) (emphasis original). Mr. Schoch seeks monetary damages. ECF

8 at 4. "To recover damages, [he] must identify intentional conduct (and not mere negligence) by a named defendant. [He must] plausibly allege that the defendants acted with deliberate indifference to rights conferred by the ADA and Rehabilitation Act." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022).

The amended complaint alleges Mr. Schoch "is severely limited in doing daily activities like jumping and bending due to his back surgery." ECF 8 ¶ 15. It alleges he needs to sleep in a bottom bunk, but was "forced to sleep in a . . . top bunk which caused Plaintiff unnecessary pain and suffering." *Id*. ¶ 23. These allegations plausibly allege Mr. Schoch was a qualified individual who was denied the benefits of a sleeping space which accommodated his disability. What the amended complaint does not do is describe any intentional conduct motivated by his disability that denied him a bottom bunk. It does not explain how the IDOC was deliberately indifferent to his need for a bottom bunk. Deliberate indifference is comparable to criminal recklessness and is shown by something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotations and citation omitted).

The amended complaint alleges he was assigned to a lower bunk on March 29, 2022. ECF 8 ¶¶ 18, 19. It alleges the inmate who was in that bunk refused Mr. Schoch's request to move. *Id.* ¶ 22. It alleges Mr. Schoch slept in a top bunk and did not tell staff. *Id*. ¶¶ 22 and 23. The amended complaint asserts staff knew that many inmates frequently did not sleep in their assigned bunks. ECF ¶ 21. But merely assigning him to a dorm where inmates frequently slept in bunks to which they were not assigned did not provide IDOC with actual knowledge that Mr. Schoch was unable to sleep in the bottom bunk to which he was assigned – or in some other bottom bunk.

This complaint does not state a claim against the IDOC for a violation of the ADA or the Rehabilitation Act. If Mr. Schoch believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the amended complaint, he needs to explain how long he was denied access to a bottom bunk as well as when and how the IDOC had actual knowledge he was not able to sleep in a bottom bunk.

For these reasons, the court:

(1) DISMISSES Robert Carter, Jr., James Basinger, John Galipeau, Kenneth Gann, Kenneth Watts, Cornett, Joseph Farley, Phil Sonnenberg, and Jon Adam Ferguson;

(2) GRANTS Lukas Schoch until **April 6, 2023**, to file a second amended complaint; and

4

(3) CAUTIONS Lukas Schoch if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 2, 2023                                          *s/ Damon R. Leichty*
                                                                            Judge, United States District Court